2026 IL App (1st) 230444-U

SECOND DIVISION
March 17, 2026

No. 1-23-0444

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 84C14268 |
| | ) | |
| MARCUS HUNTER, | ) | Honorable |
| | ) | Sophia Atcherson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly denied defendant leave to file his successive postconviction petition.

¶ 2    Defendant Marcus Hunter[1] appeals the trial court's denial of his *pro se* motion for leave

to file a successive postconviction petition and argues that a recent amendment to the habitual

---

[1] Marcus Hunter has spelled his name as both "Marcus" and "Markus" throughout this appeal. The State Appellate Defender has advised this court that the correct spelling of defendant's name is "Marcus," which we will use on appeal.

criminal statute (730 ILCS 5/5-4.5-95(a) (West 2022)) was a legislative clarification to be applied retroactively, entitling him to a new sentencing hearing.

¶ 3      Following a jury trial, defendant and his four codefendants William Glover, Marvin Barber, David DuPree, and Marvin Bryant were convicted of armed robbery, home invasion, and aggravated battery after they entered an unlicensed club operated by Eddie Morris on the first floor and the basement of a building on South Ellis in Chicago. Morris resided with his family on the second floor. Trial testimony showed that a witness saw defendant point a gun at the head of a woman who worked there and forced the woman and another individual into the basement to look for Morris.

¶ 4      Morris's wife testified that she was in the kitchen when defendant entered carrying a pistol. He ripped the phone off the wall and asked where Morris was. When she explained that Morris was in the back of the house, defendant pointed the gun at her head and walked with her to the back of the house where he pushed his way into the bathroom. Then he forced both Morris and his wife into their bedroom, demanded money from them, tore a phone off the bedroom wall, took a number of items and put them in a pillowcase, and then followed Morris downstairs. Morris's testimony substantially corroborated his wife's account. In total, there were seven eyewitnesses to the robberies whose accounts of the incident were substantially the same in all essential respects. A thorough recitation of the facts is set forth in the direct appeal. *People v. Glover*, 173 Ill. App. 3d 678, 680-83 (1988).

¶ 5      Before sentencing, the State filed a petition for the imposition of a natural life sentence under the habitual criminal statute. The statute in effect at the time provided that every offender, convicted of three Class X felonies, separated in time as stated in the statute in a twenty year period had be sentenced to mandatory natural life. Ill. Rev. Stat. 1983, ch. 38, ¶ 33B-1(e) (now

2

codified as 730 ILCS 5/5-4.5-95(a) (West 2024)). According to the petition, defendant pled guilty in 1975 to two separate armed robbery offenses committed before he was 21 and was sentenced to a term of 4 to 7 years in the Department of Corrections. In 1980, defendant pled guilty to two armed robberies and received a sentence of 8 years. Upon conviction of this offense, defendant was subsequently sentenced as an habitual criminal to a mandatory term of natural life. See Ill. Rev. Stat. 1983, ch. 38, ¶ 33B-1(e).

¶ 6    In a consolidated direct appeal with his codefendants, defendant challenged his life sentence, which this court affirmed. *Glover*, 173 Ill. App. 3d 678 (1988). Defendant has unsuccessfully challenged his conviction and sentence in several collateral proceedings. *People v. Hunter*, Nos. 1-00-4043 and 1-01-3195 (Cons.) (2003) (unpublished order under Supreme Court Rule 23), No. 1-09-0198 (2010) (unpublished order under Supreme Court Rule 23), 2013 IL App (1st) 123192-U (summary order), 2014 IL App (1st) 120301-U, 2016 IL App (1st) 140294-U (summary order), 2018 IL App (1st) 160402-U (summary order), and 2021 IL App (1st) 191364-U.

¶ 7    In June 2022, defendant sought leave to file a *pro se* successive postconviction petition challenging his natural life sentence. He argued that pursuant to a 2021 amendment to the habitual criminal statute, he was no longer eligible to be sentenced as a habitual criminal because two of his prior Class X felonies were committed when he was under the age of 21. The trial court subsequently denied him leave to file his successive petition.

¶ 8    On appeal, defendant argues that his mandatory natural life sentence violated his due process rights. Specifically, he contends that, following a recent amendment, this sentence was unauthorized under the habitual criminal statute because two of his predicate felonies were committed before his 21st birthday.

¶ 9 Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2018)), those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). Although only one postconviction proceeding is contemplated under the Act, a defendant seeking to file a successive postconviction petition may obtain leave of court by establishing "cause and prejudice" for the failure to raise the claim earlier. *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23. Under the cause and prejudice test, a defendant must establish both (1) cause for his or her failure to raise the claim earlier and (2) prejudice stemming from his or her failure to do so. *Edwards*, 2012 IL 111711, ¶ 22 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)). Defendant contends that he has established the requisite cause and prejudice based on recent case law interpreting the 2021 amendment to the habitual criminal statute.

¶ 10 Defendant asserts that two of his triggering Class X felonies were committed before he turned 21. As noted above, the State's petition for the imposition of a natural life imprisonment disclosed that defendant pled guilty in 1975 to two separate armed robbery charges, committed when defendant was 19 and 20 years old. He later pled guilty in 1980 to two separate armed robberies. Under the habitual criminal statute in effect at the time of defendant's sentencing, a person was eligible for a natural life sentence as a habitual criminal after having been convicted of three Class X felonies within 20 years, excluding time spent in custody. Ill. Rev. Stat. 1983, ch. 38, ¶ 33B-1(a). The statute required the second felony to be committed after the conviction for the first felony and the third felony be committed after the conviction for the second felony. *Id*. (d)(3), (4). According to the statute, defendant's two armed robberies committed when he was under 21 count as one conviction because the convictions were entered at the same time. The

second triggering Class X felony was based on the 1980 convictions for armed robbery with the third offense being the 1984 armed robbery in this case. Thus, defendant's suggestion that two of his predicate felonies were committed under the age of 21 is without merit.

¶ 11    Public Act 101-652 amended section 5-4.5-95(a) to provide that the first qualifying offense to be adjudged an habitual criminal must have been "committed when the person was 21 years of age or older." Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (adding 730 ILCS 5/5-4.5-95(a)(4)(E))). At the time of defendant's sentencing, there was no age requirement for any of the Class X felonies under the habitual criminal statute. See Ill. Rev. Stat. 1983, ch. 38, ¶ 33B-1. Relying on *People v. Stewart*, 2022 IL 126116, and *People v. Durant*, 2024 IL App (1st) 211190-B, defendant maintains that one of his prior Class X convictions no longer serves as a qualifying predicate offense because it was committed when he was under the age of 21.

¶ 12    In *Stewart*, the issue before the supreme court was "whether the legislature intended a prior felony conviction to be a qualifying offense for Class X sentencing if the same offense would have resulted in a juvenile adjudication had it been committed on the date of the present offense." *Stewart*, 2022 IL 126116, ¶ 16.

¶ 13    Significantly, the *Stewart* court was reviewing a different subsection of the habitual criminal statute (730 ILCS 5/5-4.5-95(b) (West 2022)) than the provision defendant was sentenced under (730 ILCS 5/5-4.5-95(a) (West 2022)). The supreme court observed that prior to the 2021 amendment of subsection (b), a division had arisen in the appellate court regarding defendants who were under the age of 18 at the time of at least one predicate offense. *Id.* ¶ 21. The court concluded that given the split in the appellate court, "Public Act 101-652 was intended to resolve the conflict in the appellate court and clarify the meaning of the original statute." *Id.* ¶ 22.

¶ 14    Following *Stewart*, a divided panel in *Durant* found that the supreme court's interpretation of the amended language in subsection (b) also applied to the identical language contained in subsection (a). *Durant*, 2024 IL App (1st) 211190-B, ¶ 30. The reviewing court reasoned that since the amendments for both subsections were enacted simultaneously and contained identical language, the legislature had the same intent and purpose for both. *Id*. ¶ 32.

¶ 15    Recently, our supreme court considered the amendment to subsection (a) and at issue in this case. *People v. Brown*, 2026 IL 130930. There, the supreme court concluded that the 2021 amendment of subsection (a) was neither retroactive, nor a clarification of a previous version of the statute. Specifically, the *Brown* court found the legislature's use of a delayed effective date more than four months after the public act's passage showed the legislative intent for the amendment to apply prospectively. *Id*. ¶ 41. The court further rejected a retroactive application by noting its precedent has consistently held that "a defendant is not entitled to resentencing under an amendment that provides for a mitigated punishment." *Id*. ¶ 42 (citing *People v. Bradford*, 106 Ill. 2d 492, 504 (1985); *People v. Hunter*, 2017 IL 121306, ¶ 56); see 5 ILCS 70/4 (West 2024).

¶ 16    Further, in distinguishing its holding in *Stewart*, the *Brown* court found the 2021 amendment to subsection (a) was not a clarification of prior versions of the statute. *Id*. ¶¶ 43-58. The supreme court recognized that prior to the 2021 amendment "[t]here was not, and has never been, a division in the appellate court over the meaning of section 5-4.5-95(a) or its predecessor." *Id*. ¶ 51. The supreme court observed that it had "never found a clarification where an amendment was substantively incompatible with the preamendment version of the statute." *Id*. ¶ 55 (noting that the two versions of the statute are "incompatible and inconsistent with one another" because the postamendment version of subsection (a) required that a defendant be 21

years old or older at the time of the first qualifying offense to be subject to a mandatory natural life sentence (730 ILCS 5/5-4.5-95(a) (West 2022)) whereas the preamendment version of section 5-4.5-95(a) required only that a defendant be 18 years old or older at the time of the third qualifying offense (730 ILCS 5/5-4.5-95(a)(5) (West 2016))). Moreover, the court observed the legislature in 2021 could only have been clarifying the 2016 version of the statute, and not the version in effect when the defendant was sentenced in 1995. *Id*. ¶ 56. The *Brown* court explicitly overruled *Durant* and held "while Public Act 101-652 clarified section 5-4.5-95(b), because both the amendment and the existing law were consistent, Public Act 101-652 did not clarify section 5-4.5-95(a), because the amendment and the existing law are inconsistent." *Id*. ¶ 58.

¶ 17 The *Brown* decision is directly on point and we, as a reviewing court, are bound to apply the supreme court's precedent to the facts of the case before us. *Yakich v. Aulds*, 2019 IL 123667, ¶ 13; see *People v. Blalock*, 2020 IL App (1st) 170295, ¶ 37. Following the supreme court's holding in *Brown*, the 2021 amendment to subsection (a) applies only prospectively and was not a clarification of the version in effect when defendant in this case was sentenced in 1985. The use of an offense committed when defendant was under 21 to trigger the habitual criminal finding was proper.

¶ 18 Additionally, we note that new constitutional rules of criminal procedure generally do not apply retroactively on collateral review because of the State's legitimate interest in the finality of criminal convictions, without which " 'the criminal law is deprived of much of its deterrent effect.' " *People v. Flowers*, 138 Ill. 2d 218, 239 (1990) (quoting *Teague v. Lane*, 489 U.S. 288, 309 (1989)). The legislature chose not to make the 2021 amendment retroactive, and we are bound by the statutory language. It is our role to enforce clear, unambiguous statutes as written. *People v. Wells*, 2023 IL 127169, ¶ 31. " 'The legislature has the power to prescribe penalties for

7

defined offenses, and that power necessarily includes the authority to prescribe mandatory sentences, even if such sentences restrict the judiciary's discretion in imposing sentences.' " *People v. Hilliard*, 2023 IL 128186, ¶ 21 (quoting *People v. Huddleston*, 212 Ill. 2d 107, 129 (2004)). "The legislature's determination of a particular punishment for a crime in and of itself is an expression of the general moral ideas of the people." *Id.* ¶ 38.

¶ 19      Based upon both the supreme court's holding in *Brown*, as well as the relevant statutory language, defendant is not entitled to sentencing relief. Therefore, defendant cannot establish the requisite cause to file successive petition. Because defendant cannot establish cause, we need not consider whether defendant adequately set forth a *prima facie* showing of prejudice. *People v. Moore*, 2023 IL 126461, ¶ 42.

¶ 20      Accordingly, the trial court properly denied defendant leave to file his successive postconviction petition and we affirm the decision of the circuit court of Cook County.

¶ 21      Affirmed.